# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BENJAMIN WALKER,**

    Petitioner,

-vs-                                        Case No. 15-C-290

**MARC CLEMENTS,**
**Warden, Dodge Correctional Institution,**

    Respondent.

## DECISION AND ORDER

Pro se Benjamin Walker ("Walker") has filed an action pursuant to 28 U.S.C. § 2241 alleging that this Court violated his right to due process by depriving him of the right to respond to the Respondent's motion in *Walker v. Gehring,* Case No. 14-C-645 (E.D. Wis.), for leave to transfer Walker from the Outagamie County Jail to Dodge Correctional Institution ("DCI"). Walker's claim is based on the fact that the motion to transfer was granted the same day it was filed.

This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241. *See also* Civ. L.R. 9(a)(2) (E.D. Wis.).

A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 138 (7th Cir. 1995) ("Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.") Stated somewhat differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then "his challenge can only concern the conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition." *Glaus v. Anderson,* 408 F.3d 382, 388 (7th Cir. 2005). *See also, Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000); *Pischke v. Litscher,* 178 F.3d 497, 499 (7th Cir. 1999). Walker's claim is more similar to those raised by a federal prisoner in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

In the past, district courts construed a mistakenly-labeled habeas

corpus petition as a civil rights complaint. *See, e.g., Graham v. Broglin,* 922 F.2d 379, 381-82 (7th Cir. 1991). However, the Court of Appeals for the Seventh Circuit has indicated that district courts should not engage in such practice. *Bunn v. Conley,* 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997). This is particularly true where conversion of this case may lead to unfavorable consequences for Walker under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See generally Bunn,* 309 F.3d at 1004-07. These consequences include whether Walker has named the correct defendant and whether he is able to pay the current $400 fee for the action (a $350 filing fee plus a $50 administrative fee), as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens,* and it offers no opinion regarding the merits of any such claim. Based on the foregoing, this habeas corpus action is dismissed without prejudice to Walker pursuing his claims in a properly filed *Bivens* action.

The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen,* 349 F.3d 1027, 1028 (7th Cir.

2003) (setting forth requirements for a certificate of appealability*)*; *see also Evans v. Circuit Court of Cook Cty., Ill.,* 569 F.3d 665, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This habeas corpus action is **DISMISSED** without prejudice to Walker pursuing his claims in a properly filed *Bivens* action

The Court **DECLINES TO ISSUE** a certificate of appealability; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2014.

                      **BY THE COURT:**

                      _____
                      **HON. RUDOLPH T. RANDA**
                      **U.S. District Judge**